This suit is brought by complainant, who is an aged person, against his step-daughter and her husband, to set aside a conveyance made by him on August 6th, 1935, to two houses. It is contended on his behalf that the conveyance was without *Page 52 
consideration, that the deed was executed without the benefit of independent advice, and that he was, thereby, stripped of all his property.
At the hearing the following facts were shown: The property was originally owned by complainant's first wife and upon her death he had only a curtesy right therein. The second wife provided the money to increase his interest to that of a fee. Complainant executed a deed of the premises to his second wife. Although the bill prays that this deed be set aside, complainant, apparently, does not now seriously contend that he is entitled to this particular relief. The second deed was executed on August 6th, 1935, by complainant and his second wife, who was then alive and who lived until 1937. The status of the premises at the time of the execution of this deed was that the property had been sold for taxes and there was due the city of Paterson approximately $1,000. There was overdue on a first mortgage of $2,000, some $369, being arrears for nearly three years, and arrears on the second mortgage of $1,500 for over three years, a sum in excess of $400. Foreclosure was threatened, and it was obvious that complainant's ownership was precarious, and there was a possibility that he might not only lose the premises but might be faced with a deficiency judgment. At the suggestion of the second wife, it was agreed by complainant that he should turn the property over to his stepdaughter, the defendant, Anna La Vorgna. The deed as originally drafted, set forth no consideration, but at the insistence of complainant there was inserted before execution a clause providing that the grantee should "maintain lodgings and all things necessary for the comfort and reasonable use of Rosaria Tonini [the second wife] and Anthony Tonini, her husband, excepting, however, the groceries and clothing of Rosaria and Anthony Tonini at No. 159 Lyon St., Paterson, N.J." Up to the time of the death of Rosaria Tonini on January 30th, 1937, first he and his wife, and later he alone until June 27th, 1937, were provided with not only lodgings, but support and maintenance. On this date, complainant left the house on Lyon street, and he asserts he was ejected, although apparently the reason for his leaving was a quarrel *Page 53 
with his step-son-in-law, and he admitted on the stand that Anna La Vorgna was willing to have him come back. In accordance with the arrangement, the mortgages on the premises in question were recast, and the defendants gave a new mortgage, of which they were on the bond. In view of the distressed condition of the premises and complainant's inability to pay the arrears, it does not appear that there was any equity of any substantial amount to be conveyed by him. There was no testimony showing that the premises had a valuation above the obligations. Nor does it appear that complainant and his wife were stripped of all their property by the transaction. In fact, complainant's second wife then owned the premises on Lyon street, and she and her husband were then living there together.
It is my conclusion that the conveyance was not a gift without consideration, although the consideration might appear to be small, while on the other hand, the value of the equity conveyed could hardly be considered more than nominal.
A decree will be advised dismissing the bill.